# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RANDELL E. WISHAM                                               PLAINTIFF

V.                          3:11CV00119 SWW/JTR

GERALD MCCLURG,
Sheriff of Clay County, et al.                              DEFENDANTS

## ORDER

Plaintiff, Randell E. Wisham, is a convicted prisoner in the Clay County Detention Center ("CCDC"). He has recently filed a *pro se*[1] § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## I.  Application to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has filed an incomplete Application to Proceed *In Forma Pauperis*, and he has not filed a prisoner trust fund calculation sheet.  The Court must have these documents to: (1) determine whether Plaintiff is entitled to proceed *in forma pauperis;* and (2) assess an initial partial filing fee.  *See* 28 U.S.C. § 1915(3)(b)(1) (providing that the initial partial filing fee shall be "20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's

account"). Accordingly, the Court will give Plaintiff thirty days to file properly completed forms.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff, who is a diabetic, alleges that unspecified individuals at the CCDC violated his Eighth Amendment rights by failing to provide him with adequate medical care for a staph infection. *See* docket entry #2. However, Plaintiff concedes that he has received two different types of antibiotics and that he has declined a recent offer to take him to see a doctor. *Id.*

The Court needs further information in order to complete the screening function mandated by § 1915A. Thus, Plaintiff shall file, within thirty days of the entry of this Order, an Amended Complaint clarifying: (1) how long he has had a staph infection; (2) how the medical care he has received for that infection is constitutionally inadequate; (3) why he declined to see a doctor; (4) how *each* of the five Defendants

personally participated in the alleged violation of his constitutional rights;[2] and (4) whether he seeks injunctive relief and/or monetary damages.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk shall send Plaintiff an Application to Proceed *In Forma Pauperis* and a prisoner trust fund calculation sheet.

2. Plaintiff shall file, **within thirty days of the entry of this Order**, a fully and properly completed Application to Proceed *In Forma Pauperis* and prisoner trust fund calculation sheet.[3]

3. Plaintiff shall file, **within thirty days of the entry of this Order**, an Amended Complaint containing the information specified herein.

4. Plaintiff is reminded that the failure to timely and properly comply with this Order will in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

---

[2] Those five Defendants are Sheriff Gerald McClurg, Jailer Montie Sanders, Jailer Sam Poole, Jailer Kaleb Rowe, and Jailer Adam Smith.

[3] Plaintiff must complete and sign the Application to Proceed *In Forma Pauperis*. In contrast, the prisoner trust fund calculation sheet must be completed and signed by authorized jail official.

-4-

Dated this <u>28th</u> day of June, 2011.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE