# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

RANDELL E. WISHAM,
ADC #151970                                                              PLAINTIFF

V.                                    3:11CV00119 JTR

GERALD MCCLUNG,
Sheriff of Clay County, et al.                                           DEFENDANTS

## <u>ORDER</u>

On June 18, 2012,  Defendants filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts.  *See* docket entries #58, #59, and #60. The Court concludes that a Response from Plaintiff would be helpful to the resolution of that Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof.  *See* Fed. R. Civ. P. 56(e).  This means that Plaintiff's Response must include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

---

[1]   The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of Disputed Facts, which lists:  (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statement of Undisputed Facts (docket entry #59); and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

Finally, Plaintiff is advised that if he intends to rely upon grievances or records that have been previously filed with the Court, he must specifically refer to those documents by docket number, page, date, and heading  The Court will not sift through the file to find support for Plaintiff's factual contentions.  *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1.    Plaintiff shall file, **within thirty days of the entry of the Order**, a Response to Defendants' Motion for Summary Judgment and a separate Statement of Disputed Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

---

[2] If Plaintiff disputes any of the facts set forth in Defendants' Statement of Undisputed Facts, he *must identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain *why* he disputes those facts.

2.      Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 26th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE